## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| **ABBVIE, INC**., *et al.* | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | )   No.  4:24-cv-00996-SRC |
| | ) |
| **ANDREW BAILEY,** *in his official* | ) |
| *capacity as Attorney General* | ) |
| *of the State of Missouri*, et al., | ) |
| | ) |
| *Defendants*. | ) |

## STATE DEFENDANTS' MOTION TO DISMISS

All Defendants (Missouri Attorney General Andrew Bailey, and officers and members of the Missouri Board of Pharmacy James L. Gray, Christian S. Tadrus, Douglas R. Lang, Colby Grove, Anita K. Parran, Tammy Thompson, and Darren Harris) (the "State") move that this court dismiss Plaintiffs' Complaint, Doc. 1, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted and Rule 12(b)(7) for failure to join necessary parties.  The Complaint alleges that Missouri Senate Bill 751 violates the U.S. and Missouri Constitution under four counts.  As more fully explained in the Defendants' *Memorandum of Law in Support of Defendants' Motion to Dismiss*, AbbVie's Complaint fails to state a claim on which relief can be granted.

*First*, AbbVie's claims that S.B. 751 violates the U.S. and Missouri Constitutions' takings prohibitions fail because "because the present case simply does not involve a forced taking of property by the state." *Minn. Ass'n of Health Care Facilities, Inc. v. Minn. Dep't of Pub. Welfare*, 742 F.2d 442, 446 (8th Cir. 1984). Additionally, AbbVie failed to join as parties the covered entities that it alleges are abusing the 340B program and causing an unconstitutional taking.

*Second*, AbbVie's preemption claim under the federal 340B Program fails because it is contrary to Eighth Circuit precedent and does not meet the requirements for either conflict or field preemption.  *See Pharm. Rsch. & Mfrs. of Am. v. McClain*, 95 F.4th 1136 (8th Cir. 2024).

*Third*, AbbVie's dormant Commerce Clause claim fails because it mischaracterizes the dormant Commerce Clause jurisprudence and S.B. 751's effects.

WHEREFORE, all Defendants respectfully request that this Court dismiss this case for failure to state a claim and grant any additional relief that is just and proper.

Respectfully submitted,

**ANDREW BAILEY**
Missouri Attorney General

*/s/ Dominic X. Barceleau*
Maria A. Lanahan #65956MO
  *Deputy Solicitor General*
Dominic X. Barceleau #703198MA
  *Assistant Attorney General*
815 Olive St, Suite 200
St. Louis, MO 63101
(314) 340-7366
(573) 751-0774 (fax)
Dominic.Barceleau@ago.mo.gov

*Attorneys for Defendants*

2

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2024, the foregoing was filed electronically through the Court's electronic filing system to be served electronically on counsel for all parties.

*/s/ Dominic X. Barceleau*