IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ABBVIE INC. (a Delaware corporation); ALLERGAN, INC. (a Delaware corporation); DURATA THERAPEUTICS, INC. (a Delaware corporation); ABBVIE PRODUCTS LLC (a Georgia limited liability company); APTALIS PHARMA US, INC. (a Delaware corporation); PHARMACYCLICS LLC (a Delaware limited liability company); ALLERGAN SALES, LLC (a Delaware limited liability company), *Plaintiffs*, vs. ANDREW BAILEY, in his official capacity as ATTORNEY GENERAL OF THE STATE OF MISSOURI, *and* JAMES L. GRAY, in his official capacity as PRESIDENT OF THE MISSOURI BOARD OF PHARMACY, CHRISTIAN S. TADRUS, in his official capacity, as VICE PRESIDENT OF THE MISSOURI BOARD OF PHARMACY, and DOUGLAS R. LANG, COLBY GROVE, ANITA K. PARRAN, TAMMY THOMPSON, and DARREN HARRIS, in their official capacities as MEMBERS OF THE MISSOURI BOARD OF PHARMACY, *Defendants*. | Civil Action No. 4:24-cv-00996-SRC |

**REPLY SUGGESTIONS IN
SUPPORT OF MISSOURI HOSPITAL ASSOCIATION AND MISSOURI PRIMARY
CARE ASSOCIATION'S MOTION TO INTERVENE**

i

## INTRODUCTION

Plaintiffs AbbVie Inc., Allergan, Inc., Durata Therapeutics, Inc., AbbVie Products LLC, Aptalis Pharma US, Inc., Pharmacyclics LLC, and Allergan Sales, LLC (collectively, "Plaintiffs") misapply the standards for intervention under Rule 24, exaggerate the progress of the litigation in this action thus far, and mischaracterize the concrete legal interests of Missouri Hospital Association ("MHA") and Missouri Primary Care Association ("MPCA") (collectively, "Proposed Intervenors") that could be impaired by this litigation without the Proposed Intervenors' involvement. Plaintiffs fail to establish that Proposed Intervenors should not be involved in this action. The Court "must construe a motion to intervene in favor of the prospective intervenor, accepting all material allegations as true." *Am. C.L. Union of Minnesota v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1092 (8th Cir. 2011). Proposed Intervenors have more than met their burden to show that they have Article III standing and meet the requirements outlined in Rules 24(a) and 24(b).

## ARGUMENT

**I. Proposed Intervenors Satisfy Article III Standing Requirements.**

Plaintiffs incorrectly claim that Proposed Intervenors do not satisfy Article III standing requirements. ECF No. 72 at 12. Under longstanding Eighth Circuit precedent, however, Proposed Intervenors have standing to intervene in this action. The requirements for Article III standing are (1) injury, (2) causation, and (3) redressability. *See Nat'l Parks Conservation Ass'n v. U.S. E.P.A.*, 759 F.3d 969, 974 (8th Cir. 2014).

"An injury in fact means an invasion of a legally cognizable right that is concrete, particularized, and either actual or imminent." *Tarek ibn Ziyad Acad.*, 643 F.3d at 1092 (cleaned up). Proposed Intervenors have identified such a right because they contend that without the

1

contract pharmacy protections that S.B. 751 provides their members, drug manufacturers will deny, restrict, or prohibit the delivery of 340B drugs purchased by covered entities to their contract pharmacies. The 340B Program directly benefits Proposed Intervenors' members because it incentivizes drug manufacturers "to provide *qualified health care providers* [. . .] *with pricing discounts* on certain drugs prescribed to individuals and families whose incomes fall below the federal poverty level." *Pharm. Rsch. & Manufacturers of Am. v. McClain*, 95 F.4th 1136, 1139 (8th Cir. 2024) (emphasis added). Proposed Intervenors' members are the covered entities that purchase drugs from manufacturers, and those drug manufacturers agree to sell covered entities certain drugs at a lower price as participants in the 340B Program. Requiring the covered entities to purchase those drugs at a rate higher than what the 340B program requires by excluding contract pharmacies—which is what Plaintiffs and other drug manufacturers seek in their efforts to invalidate S.B. 751—necessarily harms the finances of Proposed Intervenors' covered entity members. As detailed in the Motion to Intervene, the discounted 340B-priced drugs enable covered entities, including members of the Proposed Intervenors, to provide more services to more patients. Mot. to Intervene 5, ECF No. 46.

Without the savings covered entities receive as a result of the 340B-priced drugs and S.B. 751's protections for covered entities' ability to deliver them using contract pharmacies, Proposed Intervenors' members are at risk of operating at a loss and/or being forced to eliminate services they provide to eligible patients. Mot. to Intervene 6-8, ECF No. 46. This prevents Proposed Intervenors from fulfilling their missions, prevents their members from providing quality and affordable healthcare services, and puts their members' financial viability at risk. Risk of direct financial harm *alone* establishes injury in fact. *See Tarek ibn Ziyad Acad.*, 643 F.3d at 1092. If the

Court grants the relief Plaintiffs request, Plaintiffs and every other drug manufacturer could immediately limit (or continue to limit) the delivery of 340B-priced drugs for covered entities.

Proposed Intervenors also satisfy the causation requirement because if the Plaintiffs are successful, the Proposed Intervenors could trace their injuries to the Defendants through the would-be court order barring enforcement of S.B. 751. *See Nat'l Parks*, 759 F.3d at 975 (holding that the causation element is satisfied because the Defendants would be compelled by court order to cause the alleged injury to the intervenors). Proposed Intervenors' injuries can be redressed by a ruling in their favor because the Defendants would not be prohibited from enforcing S.B. 751 and Proposed Intervenors' members will receive the protections afforded under the bill. *See id.* In sum, Plaintiffs' claim that Proposed Intervenors lack standing is wholly unsupported.

## II. Proposed Intervenors' Motion to Intervene is Timely.

Considering "all the circumstances" and the Eighth's Circuit liberal construction of the timeliness standard, Proposed Intervenors' motion to intervene was timely. *United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 832 (8th Cir. 2010) (quoting *Mille Lacs Band of Chippewa Indians v. Minnesota,* 989 F.2d 994, 998 (8th Cir. 1993)). Plaintiffs mischaracterize the Motion to Intervene as untimely. Pls. Opp'n 2-4, ECF No. 72.

Litigation had minimally progressed as of the date Proposed Intervenors filed their motion. Plaintiffs filed their Complaint at the end of July 2024, but thereafter, Plaintiffs agreed to an extension of time for Defendants to file a responsive pleading up to and including September 12, 2024, Pls. Consent Mot. for Ext. Of Time, ECF No. 26, or nearly six weeks after the action was filed. The Court granted the parties' request for Defendants' extension on August 1, 2024, Order, ECF No. 27, and the *only* filings that occurred between that date and September 12 were related to filing an overlength brief and an entry of appearance. *See* ECF Nos. 27-31. Proposed Intervenors

3

sought to intervene just two weeks after the Motion to Dismiss was filed. Plaintiffs are attempting to equate the amount of time that has passed since they filed this action with the amount of progress the litigation has achieved, but this greatly exaggerates the progress that has actually occurred. There has been no hearing, nor is one currently scheduled, for the Motion to Dismiss, and a pretrial order has not been issued. The litigation is still in the pleading phase and has minimally progressed and no motion practice beyond those relating to counsel's appearances, the Motion to Dismiss, and the Motion to Intervene have been filed.

The timing of Proposed Intervenors' request is in stark contrast to cases where the Eighth Circuit has deemed intervention to be untimely. *See e.g., Am. C.L. Union of Minnesota v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1094 (8th Cir. 2011) (agreeing that intervention was untimely where the intervenors filed the motion 14 months after the suit had been filed; more than one month after the deadline to add parties; and after the parties had already engaged in extensive motion practice, written discovery, and depositions); *U.S. v. Ritchie Special Credit Invests., Ltd.*, 520 F.3d 824, 832 (8th Cir. 2010) (finding litigation progress to be substantial where litigation filings and proceedings had been frequent and fervent); *Arrow v. Gambler's Supply, Inc.*, 55 F.3d 407, 409 (8th Cir. 1995) (finding that a motion to intervene that was filed when the parties reached a settlement agreement two years after a suit had commenced and one month before trial was untimely). As described above, the litigation is still in the pleading phase and Proposed Intervenors did not delay—Plaintiffs' argument regarding MHA's knowledge of Plaintiffs' action is therefore immaterial. Pls. Opp'n 3, ECF No. 72.

Finally, Plaintiffs wholly fail to show any prejudice they will suffer as a result of the Court granting intervention. Again, Proposed Intervenors did not delay in seeking to intervene, but even if they had, "[t]he question for determining the timeliness of the motion to intervene is whether

4

existing parties may be prejudiced by the delay in moving to intervene, not whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change." *U.S. v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir. 1995). Plaintiffs merely allege that intervention will "lengthen, complicate, and add confusion to proceedings." Opp'n 3. Even if these allegations were accurate (and they are not), they are insufficient to establish prejudice. Plaintiffs do not, and cannot, claim that Proposed Intervenors' intervention will affect their ability to meet certain court-imposed deadlines for discovery, the filing of dispositive motions, or a trial. And Plaintiffs do not claim that Proposed Intervenors' involvement would change the nature, duration, or disposition of the lawsuit.

### III. Proposed Intervenors' Interests Are Not Adequately Represented by the Defendants.

Proposed Intervenors meet the "minimal" burden of showing that its interests are not adequately represented by the government. *Mille Lacs*, 989 F.2d at 1001. Plaintiffs argue that this court must presume that Proposed Intervenors are adequately represented because they seek intervention on the side of a government entity. Opp'n 4-8. However, the Supreme Court applies no such presumption. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 537-38 (1972); *see also Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 195-98 (2022) (questioning the validity of the presumption). Even if any presumption does apply, the presumption is rebutted if the government elects not to enforce the law being challenged. *See Mausolf v. Babbitt*, 85 F.3d 1925, 1303-04 (8th Cir. 1996) (the government did not adequately represent intervenor, in part, because the Government has waived regulations against the restricted actions at issue). To date, Defendant has not yet promulgated rules to implement S.B. 751, nor have they initiated any enforcement actions against drug manufacturers, including Plaintiffs, for violating S.B. 751.

5

Proposed Intervenors' members, as the hospitals and FQHCs that are the beneficiaries of S.B. 751's protections, will be *directly* harmed if S.B. 751 is enjoined. For this reason, Proposed Intervenors seek to protect narrower interests that are not shared by Defendants. *See Mille Lacs*, 989 F.2d at 1001. Primarily, those interests include economic and mission-based interests tied to savings realized by covered entities' ability to use contract pharmacies in the delivery of 340B-priced drugs. The Defendants' guiding interest, by contrast, is in enforcing constitutional laws that are duly passed by the legislature, but Defendants have no specific interest in the financial realities of hospitals and FQHCs or ensuring that low income and underserved Missourians can continue to receive care. The Proposed Intervenors' economic and mission-related interests are therefore not subsumed in the general interest of the Defendants in upholding and enforcing legislation. Thus, the parens patriae doctrine relied upon by Plaintiffs does not apply here. Pls. Opp'n 4-8, ECF No. 72.

Moreover, the differing interests between Proposed Intervenors and Defendants can additionally play out a number of ways as the litigation progresses, all of which would lead to an inadequate representation of Proposed Intervenors' interests. For example, if the case is disposed of by settlement before a judgment is issued, what is in the Defendants' best interests may substantially diverge from what is in the Proposed Intervenors' best interests. To achieve such a settlement, Defendants could agree to limit or otherwise narrow S.B. 751, which would still result in harm to Proposed Intervenors' members. Further, the discovery tactics and other litigation strategy between Proposed Intervenors and Defendants would diverge. As the entities that are subject to pharmaceutical companies' restrictions on contract pharmacies, Proposed Intervenors' members have specific industry knowledge regarding the 340B program and pharmaceutical companies' tactics to obstruct use of the program. Defendants do not have this specific knowledge

6

Case: 4:24-cv-00996-SRC   Doc. #: 73   Filed: 11/04/24   Page: 8 of 12 PageID #: 518

and would likely not seek the same information from Plaintiffs in discovery that Proposed Intervenors would.

### IV. Proposed Intervenors Have Clear Recognized Interests in the Subject Matter of This Litigation That Could Be Impaired.

An intervenor's interest in litigation is to be construed broadly to include all parties affected by the litigation, if practicable. *Union Elec. Co.*, 64 F.3d at 1162 (quoting *SEC v. Flight Transp. Corp.,* 699 F.2d 943, 949 (8th Cir. 1983) ("The interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.").

Plaintiffs' argument regarding the final two elements for intervention wrongly conflates the factors to intervene in *this* litigation—in which the Plaintiffs allege S.B. 751 is unconstitutional and seek a court order preventing Defendants from enforcing or implementing the act—with the ability of Proposed Intervenors or their members to prosecute violations of S.B. 751. Plaintiffs cite no case law supporting their transposition of these completely unrelated circumstances. S.B. 751 affords Proposed Intervenors' members protections, and Plaintiffs filed this lawsuit to *prevent* the Defendants from enforcing those protections. Proposed Intervenors in no way concede that they would have no private right of action against Plaintiffs for a purported violation of S.B. 751, but regardless of who may file a lawsuit for an alleged violation of S.B. 751 (should it survive drug manufacturers' challenges), the question is ultimately irrelevant to the Court's determination of the Motion to Intervene. Proposed Intervenors assert a legally protectable interest because their members have interests that are directly protected by S.B. 751. *See supra* Section I. For the same reasons, Plaintiffs' reliance on *Astra USA, Inc. v. Santa Clara Cnty., Cal.,* 563 U.S. 110, 121 (2011) is misplaced. Proposed Intervenors' ability to protect their members' interests in the delivery of 340B drugs to contract pharmacies, the savings they receive from being able to

7

purchase 340B-priced drugs, and the ability to use that savings to provide critical health care services to patients in need will be impaired unless they are allowed to intervene. Should Plaintiffs succeed, Proposed Intervenors' members will be forced to pay more than the prices required by the 340B program for drugs delivered to contract pharmacies, resulting in financial risk to the institutions and impairment of their ability of those institutions to provide critical health care services. Mot. to Intervene 6-8, ECF No. 46.

Plaintiffs' argument that Proposed Intervenors' interests are too remote to be deemed protectable legal interests similarly falls flat. Proposed Intervenors' interest in the continued ability to deliver 340B-priced drugs to contract pharmacies and the savings therefrom would be impaired if S.B. 751 is invalidated. Plaintiffs may not currently have a policy in place that restricts delivery of 340B-priced drugs to contract pharmacies in Missouri, but multiple other drug manufacturers do and the invalidation of S.B. 751 would allow all drug manufacturers to limit or continue limiting delivery of 340B drugs. Further, one may reasonably presume that Plaintiffs themselves wish to implement policies that restrict delivery of 340B-priced drugs to contract pharmacies in Missouri. Otherwise, this action would be entirely unnecessary. And even if Plaintiffs were correct that multiple events would have to occur before Proposed Intervenors' interests would be impaired (which they are not), the Eighth Circuit has held that an intervenor's interests are sufficient even though multiple events would have had to take place before the intervenor suffered any actual loss. *See e.g., S.E.C. v. Flight Transp. Corp.*, 699 F.2d 943, 948 (8th Cir. 1983) (finding that the potential loss in market value of the intervenors' homes constituted a sufficient interest even though three events would have had to take place before the intervenors experienced any actual loss); *Union Elec. Co.*, 64 F.3d at 1162 (intervenor need only show that the outcome of the case 'may' impair their interests) (quoting *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist.,* 738

8

F.2d 82, 84 (8th Cir. 1984)). Despite Plaintiffs' insistence that Proposed Intervenors participate as amicus curiae, that will not protect Proposed Intervenors' interests. Opp'n 14. Intervention as of right is required if all intervention factors are met, despite an opportunity to participate as amicus curiae. *Mausolf*, 85 F.3d at 1302, 1304.

### V. Proposed Intervenors Also Meet the Standard for Permissive Intervention.

Proposed Intervenors also meet the standard for permissive intervention because they have a defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b). Namely, the Proposed Intervenors will defend the constitutionality of S.B. 751 and their defenses share many common questions of law and fact with Defendants. Because the Motion to Intervene was timely filed and because Proposed Intervenors' participation in this action will not cause undue delay or prejudice to the parties, as set forth above, the Court should alternatively grant the Motion to Intervene pursuant to Rule 24(b).

### CONCLUSION

For the reasons set forth herein, Proposed Intervenors respectfully request that this Court grant them leave to intervene in this action as a matter of right, or, in the alternative, permit them to intervene, file their Motion to Dismiss and Suggestions in Support of the Motion to Dismiss, and grant any further relief the Court deems just and proper.

Dated November 4, 2024

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ *James F. Monafo*
James F. Monafo, #38774
Tanner M. Cook, #71846
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Phone: (314) 480-1500
Fax: (314) 480-1551
Jim.Monafo@huschblackwell.com
Tanner.Cook@huschblackwell.com

Alexa B. Barton, #71779
630 Bolivar Street Suite 300
Jefferson City, Missouri 65101
Phone: (573) 635-9118
Fax: (573) 634-7854
allee.barton@huschblackwell.com

ATTORNEYS FOR PROPOSED INTERVENORS
MISSOURI HOSPITAL ASSOCIATION AND
MISSOURI PRIMARY CARE ASSOCIATION

POWERS PYLES SUTTER & VERVILLE, PC

By: /s/ *Ronald S. Connelly*
RONALD S. CONNELLY*
1250 Connecticut Ave., NW
Eighth Floor
Washington, DC 20036
Phone: 202-872-6762
Fax:    202-466-6550
Email: Ron.Connelly@PowersLaw.com

ATTORNEY FOR PROPOSED INTERVENORS
MISSOURI HOSPITAL ASSOCIATION AND
MISSOURI PRIMARY CARE ASSOCIATION
*Admitted Pro Hac Vice

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of November 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send a notice of electronic fling to all persons registered for ECF as of this date.

                                                 */s/  James F. Monafo*