IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ABBVIE, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CATHERINE L. HANAWAY, *et al.*, <br><br> Defendants. | No. 4:24-cv-00996-SRC |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
PROPOSED INTERVENORS' MOTION TO INTERVENE**

**TABLE OF CONTENTS**

**INTRODUCTION** ..........................................................................................................................1

**ARGUMENT** ................................................................................................................................1

**I.     PROPOSED INTERVENORS ARE NOT ENTITLED TO INTERVENTION AS OF RIGHT**............................................................................................................................1

    A.   Proposed Intervenors' Interests Are Adequately Represented By The Attorney General And Board of Pharmacy........................................................... 2

    B.   Proposed Intervenors Do Not Have A Recognized Interest In The Subject Matter Of This Litigation That Can Be Impaired By Its Disposition. ........................................................................................................ 7

**II.    PROPOSED INTERVENORS ARE NOT ENTITLED TO PERMISSIVE INTERVENTION.** ..............................................................................................................8

**III.   PROPOSED INTERVENORS ARE MORE APPROPRIATELY SITUATED AS AMICUS CURIAE.** ........................................................................................................9

**CONCLUSION** .............................................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arrow v. Gambler's Supply, Inc.*,
   55 F.3d 407 (8th Cir. 1995) ...................................................................................................2

*Astra USA, Inc. v. Santa Clara Cnty., Cal.*,
   563 U.S. 110 (2011) ...................................................................................................... 1, 7

*Brown v. Plata*,
   563 U.S. 493 (2011) ...........................................................................................................6

*Chiglo v. City of Preston*,
   104 F.3d 185 (8th Cir. 1997) ........................................................................................2, 6

*Curry v. Regents of Univ. of Minnesota*,
   167 F.3d 420 (8th Cir. 1999) .................................................................................2, 4, 5, 6

*Entergy Arkansas, LLC v. Thomas*,
   76 F.4th 1069 (8th Cir. 2023) ...................................................................................2, 3, 4

*Jiang v. Porter*,
   2016 WL 4415352 (E.D. Mo. Aug. 19, 2016) ..................................................................9

*Little Rock Sch. Dist. v. N. Little Rock Sch. Dist.*,
   378 F.3d 774 (8th Cir. 2004) ........................................................................................2, 5

*North Dakota ex rel. Stenehjem v. United States*,
   787 F.3d 918 (8th Cir. 2015) .............................................................................................2

*South Carolina v. North Carolina*,
   558 U.S. 256 (2010) ...........................................................................................................9

*South Dakota ex rel. Barnett v. U.S. Dep't of Interior*,
   317 F.3d 783 (8th Cir. 2003) .....................................................................................2, 6, 8

*St. Louis Effort for AIDS v. Huff*,
   2014 WL 1631386 (W.D. Mo. Apr. 24, 2014) ..........................................................4, 5, 6

*Stadin v. Union Elec. Co.*,
   309 F.2d 912 (8th Cir. 1962) .............................................................................................5

*Standard Heating & Air Conditioning Co. v. City of Minneapolis*,
   137 F.3d 567 (8th Cir. 1998) .............................................................................................7

*United States v. Bliss*,
    132 F.R.D. 58 (E.D. Mo. 1990) ................................................................................5

*United States v. Metro. St. Louis Sewer Dist.*,
    569 F.3d 829 (8th Cir. 2009) ............................................................................7, 8, 9

*United States v. Ritchie Special Credit Invests., Ltd.*,
    620 F.3d 824 (8th Cir. 2010) ..................................................................................2

*Vonage Holdings Corp. v. Neb. Pub. Serv. Comm'n*,
    543 F. Supp. 2d 1062 (D. Neb. 2008) .....................................................................9

*Washington Elec. v. Mass. Mun. Wholesale Elec.*,
    922, F.2d 92 (2d Cir. 1990) ....................................................................................7

**Statutes**

42 U.S.C. § 256b ..........................................................................................................1

Mo. Rev. Stat. § 407.025 .............................................................................................1

**Rules**

Fed. R. Civ. P. 24 .........................................................................................................8

**Regulations**

42 C.F.R. § 10.21(a)(1) .........................................................................................7, 8, 9

# INTRODUCTION

Missouri Hospital Association ("MHA") and Missouri Coalition for Primary Care d/b/a Missouri Primary Care Association ("MPCA") (together "Proposed Intervenors") seek to intervene in a case where they are improper parties and that they could never file on their own. Neither the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.025, nor the federal law 340B authorizing statute, 42 U.S.C. § 256b, would permit Proposed Intervenors to bring this suit. And the Supreme Court has definitively held that the federal 340B statute bars private suits by covered entities against manufacturers seeking to protect their rights and interests under the 340B Program. *Astra USA, Inc. v. Santa Clara Cnty., Cal.*, 563 U.S. 110, 121 (2011).

Proposed Intervenors cannot use intervention to circumvent limitations on private rights of action imposed by the federal and state legislatures. In any case, Proposed Intervenors' alleged financial harm is not a legitimate interest justifying intervention. Those interests are adequately represented by Defendants—government entities presumed by law to protect the Proposed Intervenors' interests—because Defendants have the same primary objective as Proposed Intervenors: defending S.B. 751 from invalidation.

# ARGUMENT

Proposed Intervenors cannot satisfy the elements of intervention as of right or permissive intervention under the Federal Rules and are more appropriately situated as *amicus curiae*.

## I.  PROPOSED INTERVENORS ARE NOT ENTITLED TO INTERVENTION AS OF RIGHT.

Proposed Intervenors cannot satisfy Rule 24(a)(2)'s requirements to intervene as a matter of right. To succeed, they must show: (1) the motion to intervene is timely; (2) "a recognized interest in the subject matter of the litigation"; (3) "the interest might be impaired by the disposition of the case"; and (4) "the interest will not be adequately protected by the existing parties."

*South Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003) (quoting *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997)); *United States v. Ritchie Special Credit Invests., Ltd.*, 620 F.3d 824, 831–32 (8th Cir. 2010). Proposed Intervenors cannot make this showing.

        **A.**    **Proposed Intervenors' Interests Are Adequately Represented By The Attorney General And Board of Pharmacy.**

Proposed Intervenors cannot overcome the presumption that Defendants will adequately represent their interests. Here, Proposed Intervenors' interests are identical to those of the Attorney General and Board of Pharmacy Defendants, the kind of government entities presumed to adequately represent the interests of Missouri's citizens. In the Eighth Circuit, a "presumption of adequate representation [arises] when the prospective intervenor's interest is identical to that of an existing party." *Arrow v. Gambler's Supply, Inc.*, 55 F.3d 407, 409–10 (8th Cir. 1995). And where, like here, "a government entity is a party and the case concerns a matter of sovereign interest, the government is presumed [to] adequately . . . represent the interests of the public." *Curry v. Regents of Univ. of Minnesota*, 167 F.3d 420, 423 (8th Cir. 1999). A proposed intervenor can rebut this presumption "only with a 'strong showing' of inadequacy." *Entergy Arkansas, LLC v. Thomas*, 76 F.4th 1069, 1072 (8th Cir. 2023) (quoting *North Dakota ex rel. Stenehjem v. United States*, 787 F.3d 918, 922 (8th Cir. 2015)). For example, Proposed Intervenors "may show that [their] interests are distinct and cannot be subsumed within the public interest represented by the government entity," *Little Rock Sch. Dist. v. N. Little Rock Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004), or "that the [government entity] has committed misfeasance or nonfeasance in protecting the public," *Chiglo*, 104 F.3d at 188. "The intervenor bears the burden of showing that his interests are not adequately represented by existing parties." *Id.* at 187.

2

Because Proposed Intervenors and Defendants share the same objective—upholding S.B. 751 against a constitutional challenge—Defendants are presumed to adequately represent that interest.[1]  *Entergy*, 76 F.4th at 1071-72.  Proposed Intervenors do not (and cannot) contest that Defendants' sole interest in this matter is defending S.B. 751.  The same goes for Proposed Intervenors, regardless of their "specific economic and mission-based interests in the validity and enforcement of S.B. 751."  Mot. to Intervene at 11; *e.g.*, *id.* at 13–14 (arguing that they will be

---

[1] The cases Proposed Intervenors cite from the Western District of Missouri, the Eastern District of Arkansas, and the Western District of Louisiana are distinguishable on both the facts and law.  *See* Mot. to Intervene at 2–3.  The plaintiffs did not oppose intervention in *PhRMA v. Bailey*, Order (ECF No. 60), 2:24-cv-04144-MDH (W.D. Mo. Nov. 25, 2024), in *AstraZeneca Pharms. LP v. Bailey*, Order (ECF No. 67), 2:24-cv-04143-MDH (W.D. Mo. Nov. 15, 2024), in *PhRMA v. Landry*, Order (ECF No. 26), 6:23-cv-00997 (W.D. La. Nov. 8, 2023); *see also PhRMA v. Landry*, Unopposed Mot. to Intervene (ECF No. 24), 6:23-cv-00997 (W.D. La. Nov. 7, 2023), or in *AstraZeneca Pharms. LP v. Landry*, Order (ECF No. 29), 6:23-cv-1042 (W.D. La. Nov. 9, 2023); *see also AstraZeneca Pharms. LP v. Landry*, Unopposed Mot. to Intervene (ECF No. 25), 6:23-cv-1042 (W.D. La. Nov. 7, 2023).  AbbVie, by contrast, opposes intervention.  In *AbbVie v. Murrill*, the plaintiffs in the two related cases did not oppose intervention, and the Louisiana court concluded that "disallowing such intervention [in the case at bar] would be inconsistent."  *AbbVie v. Murrill*, Mem. Ruling (ECF No. 58) at 5, 6:23-CV-01307 (W.D. La. Mar. 7, 2024).  Further, in *PhRMA v. McClain*, the Arkansas Insurance Commissioner stayed enforcement of the relevant law during the litigation over the objection of the would-be intervenors "and proposed rule changes that would negatively impact Intervenors' interests regarding the 340B drug pricing program."  Order (ECF No. 22) at 6, 4:21-cv-00864-BRW (E.D. Ark. May 3, 2022).  Missouri has taken no such position.  And in *AstraZeneca Pharms. LP v. McClain*, Order (ECF No. 50) at 6, 4:24-cv-00268-BRW (E.D. Ark. Aug. 13, 2024), the court failed to apply the appropriate presumption that the government defendant will adequately represent the interests of the intervenor, instead applying the incorrect standard that the proposed intervenor's burden was met "by a minimal showing that representation ***may be*** inadequate."  *AstraZeneca Pharms. LP v. McClain,* Order (ECF No. 50) at 6, 4:24-cv-00268-BRW (E.D. Ark. Aug. 13, 2024) (emphasis added) (internal quotations omitted).  The court also ignored on-point Eighth Circuit law in holding that intervenor's "interests are sufficiently disparate from" the state because it "has a specific economic interest" in the law that the state does not.  *Id.* at 6–7.  So did the court in *Novartis Pharms. Corp. v. Bailey*.  Order (ECF No. 62) at 5–7, 2:24-cv-04131-MDH (W.D. Mo. Nov. 14, 2024).  As described above, Proposed Intervenors' goal of upholding S.B. 751 and maintaining the flow of 340B drugs to their pharmacies is the same goal the government has "by defending its regulation."  *Entergy*, 76 F.4th at 1072.  "Accordingly, [Proposed Intervenors'] interest in this litigation aligns squarely with the interest of [Defendants]."  *Id.*

injured if "S.B. 751's protections are upended" and that their injuries are "redressable by this Court because a favorable decision would allow S.B. 751 to stand"); *id.* at 10 ("Plaintiffs are challenging S.B. 751, which protects delivery of 340B drugs to members' contract pharmacies and ability to provide critical services to their patients and communities.").

The Eighth Circuit rejected a nearly identical argument in *Curry*: "The Movants characterize their interest as a concern that they will lose funding, . . . while characterizing the University as merely interested in upholding the current fee system. The Movants potentially may lose funding, however, only if the fee system is not upheld. Thus, although the[ir] . . . motives may be distinguishable …, the Movants' and the University's **interests are the same**: both want the current fee system upheld." 167 F.3d at 423 (emphasis added); *see also Entergy*, 76 F.4th at 1072–73 (similar). "[T]he Eighth Circuit has made clear that simply having a heightened or particularized interest in the outcome of a suit is insufficient to overcome the strong presumption that the State will represent the interests of all of its citizens." *St. Louis Effort for AIDS v. Huff*, 2014 WL 1631386, at *5 (W.D. Mo. Apr. 24, 2014).

Proposed Intervenors' "underlying reason or motivation for defending [S.B. 751] is not important, so long as both" the Defendants' and Proposed Intervenors' "objectives and litigation position are the same." *Id.* Here, Proposed Intervenors' "interest in defending the statute is coextensive with the State's, and there is no basis for deeming the State's defense inadequate just because [Proposed Intervenors] assert[] an economic motivation [the State] does not." *Id.* Proposed Intervenors "do[] not (and probably cannot) argue that [their] economic concerns alter the Supremacy Clause/preemption [and Takings Clause] analys[e]s that [are] called for." *Id.* Nor do these purported separate interests give rise to "a unique defense available to [Proposed Intervenors] that the State cannot assert." *Id.* In short, because Proposed Intervenors' "objective—

4

defending [S.B. 751]—remains identical to Missouri's and thus is entirely subsumed within Missouri's defense of its own statute," they have "failed to overcome the presumption that its interest in defending [S.B. 751] is adequately addressed by Missouri's defense." *Id.*; *Curry*, 167 F.3d at 423.[2]

Nor does it help Proposed Intervenors that its members "benefit from the 340B Program, are harmed by drug manufacturers' actions to block shipment of 340B medications to their contract pharmacies, are the benefactors of S.B. 751's protections," and are "providing care to low income and medically under-served Missourians." Mot. to Intervene at 11. These are the very interests Defendants seek to protect by defending S.B. 751. As Defendants argued in their Motion to Dismiss, Missouri "sprung into action [by enacting S.B. 751] to protect covered entities and their patients" from "restrictive policies . . . [that] cause covered entities dependent on contract pharmacies to become unable to serve patients in need." Mot. to Dismiss at 4 (alterations adopted). These interests are thus not "distinct" from, and can "be subsumed within[,] the public interest represented by" Missouri's defense of the statute. *Little Rock Sch. Dist.*, 378 F.3d at 780; *see Huff*, 2014 WL 1631386, at *5 ("To the extent [intervenor] . . . is motivated . . . to intervene to defend the statute . . . out of some concern for Missouri citizens, its interest is identical to Missouri's.").

It is also irrelevant that Defendants have "not taken any enforcement action concerning S.B. 751 to date." Mot. to Intervene at 11. Proposed Intervenors conflate enforcing S.B. 751 with defending it against a constitutional challenge. They do not (and cannot) explain how the AG's

---

[2] That Proposed Intervenors and Defendants raise nearly identical arguments in their motions to dismiss reinforces that they share an ultimate objective. *See United States v. Bliss*, 132 F.R.D. 58, 60–61 (E.D. Mo. 1990) ("Particularly where … the would-be intervenors' complaint is patterned after the complaint of an existing plaintiff, … the party seeking intervention has the same ultimate objective as a party to the suit, and a presumption arises that its interests are adequately represented …" (alterations adopted) (citation omitted)); *Stadin v. Union Elec. Co.*, 309 F.2d 912, 922 (8th Cir. 1962).

5

and Board of Pharmacy's failure to bring an enforcement action under S.B. 751 shortly after its adoption—and while its constitutionality is being litigated—is evidence that they will not vigorously defend the statute.  On the contrary, Defendants have proved their willingness to defend S.B. 751 by contesting AbbVie's constitutional challenge.  And Proposed Intervenors do not (and cannot) suggest that if the law is upheld, Defendants will fail to enforce it; indeed, the very threat of future enforcement, and the resulting threat to constitutional rights, forms the basis of AbbVie's complaint and alleged future harm.[3]

Overall, Proposed Intervenors "have not made the strong showing of inadequate representation necessary to rebut the" presumption that the government adequately represents their interests.  *Curry*, 167 F.3d at 423.  "Because we presume that the [State] is acting on behalf of [Proposed Intervenors], it is incumbent upon [Proposed Intervenors] to set forth specific interests that only it can protect by intervening."  *Barnett,* 317 F.3d at 786.  "Aside from the purely conjectural [injuries] that potentially might arise" if S.B. 751 is invalidated, Proposed Intervenors have "not identified any specific . . . interest implicated in this litigation that the [State] cannot or will not adequately protect."  *Id.*; *see also Huff*, 2014 WL 1631386, at *4.  Nor have Proposed Intervenors argued that Defendants have "committed misfeasance or nonfeasance" in defending the statute.  *Chiglo,* 104 F.3d at 188.

---

[3]  To the extent Proposed Intervenors imply that Defendants' failure to bring an enforcement action under S.B. 751 is evidence that they have pursued an imprudent course of action, they "cannot rebut the presumption of representation by merely disagreeing with the litigation strategy or objectives of the party representing [them]."  *Chiglo*, 104 F.3d at 188.  Proposed Intervenors have not identified the "sort of clear dereliction of duty" that would rebut the presumption.  *Id.*  Indeed, States must balance objectives and resource constraints in making enforcement decisions, and courts should be reluctant to second-guess their discretion.  *See Brown v. Plata*, 563 U.S. 493, 538 (2011) ("Courts should presume that state officials are in a better position to gauge how best to preserve public safety and balance competing . . . law enforcement concerns.").

### B. Proposed Intervenors Do Not Have A Recognized Interest In The Subject Matter Of This Litigation That Can Be Impaired By Its Disposition.

Proposed Intervenors cannot satisfy other intervention elements, either. Proposed Intervenors' "asserted interest must be significantly protectable," i.e., "legally protectable." *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 839 (8th Cir. 2009) (internal quotations omitted). They "must also demonstrate that the subject matter of the action affects [their] interests in a direct rather than tangential way." *Id*. "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy [Rule 24(a)(2)]." *Standard Heating & Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 571 (8th Cir. 1998) (quoting *Washington Elec. v. Mass. Mun. Wholesale Elec.*, 922, F.2d 92, 97 (2d Cir. 1990)).

Proposed Intervenors do not assert a legally protectable interest. Proposed Intervenors have no right to enforce either S.B. 751 or the federal 340B statute, meaning they have no right or interest in the subject matter of this litigation. It is undisputed that Proposed Intervenors cannot sue to independently enforce the 340B Program, and neither does S.B. 751 grant covered entities a private right of action. Even if it purported to do so, any such action would be barred under *Astra*. In that case, a covered entity sued a manufacturer for charging drug prices above the 340B-discounted price and sought reimbursement, asserting that the monies were required to "satisfy the unmet need for critical healthcare services in [plaintiffs'] communities." Joint Appendix, Second Am. Compl. ¶ 5, *Astra USA, Inc. v. Santa Clara Cnty.*, No. 09-1273, at 31 (U.S. Nov. 12, 2010). The Supreme Court clarified that such complaints must be brought through the mandatory HRSA ADR process because the 340B statute does not contain a private right of action. *Astra*, 563 U.S. at 119, 122. That ADR process is now up and running, and specifically covers complaints about the very same conduct that S.B. 751 covers. *See* 42 C.F.R. § 10.21(a)(1) (permitting claims by a

7

covered entity that "a manufacturer has limited the covered entity's ability to purchase covered outpatient drugs at or below the 340B ceiling price").

Here, Proposed Intervenors espouse a nearly identical interest, asserting that "[t]he savings that Proposed Intervenors' members realize due to the 340B Program allow them to provide services to their patients and communities." Mot. to Intervene at 10. Because Proposed Intervenors cannot file a private state or federal suit to vindicate this interest, they do not have a legally protectable interest in this matter. *Metro.*, 569 F.3d at 840–41 ("Judicial efficiency is not promoted by allowing intervention by a party with no interest upon which it could seek judicial relief in a separate lawsuit."). The agency's ADR procedure is the only mechanism statutorily available to resolve these disputes between manufacturers and covered entities. And that procedure squarely encompasses the precise conduct that S.B. 751 aims to prevent. *See* 42 C.F.R. § 10.21(a)(1). Proposed Intervenors' ability to protect or otherwise assert their interest will thus not be impeded by the outcome of this litigation. *Id.* at 841 (denying intervention where, among other issues, the proposed intervenor "ha[d] other avenues to express its concerns").

**II.    PROPOSED INTERVENORS ARE NOT ENTITLED TO PERMISSIVE INTERVENTION.**

Permissive intervention is within a court's discretion where the would-be intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." *Barnett*, 317 F.3d at 787. The analysis is otherwise the same as under intervention of right.

Here, the relevant factors counsel against permissive intervention. *Supra* Section I; *Barnett*, 317 F.3d at 787. Where a movant seeks to intervene "for the purpose of presenting defenses or arguments that can be or already have been presented by the defendants[, p]ermissive

8

intervention . . . would only serve to delay and unfairly prejudice the rights of the original parties." *Jiang v. Porter*, 2016 WL 4415352, at *3 (E.D. Mo. Aug. 19, 2016) (quoting *Vonage Holdings Corp. v. Neb. Pub. Serv. Comm'n*, 543 F. Supp. 2d 1062, 1070 (D. Neb. 2008)). Proposed Intervenors, on the other hand, would suffer no prejudice if denied intervention because their interests are adequately represented by the State, and they could seek relief via the federal ADR process for any complaints that AbbVie has "limited [a] covered entity's ability to purchase covered outpatient drugs at or below the 340B ceiling price." 42 C.F.R. § 10.21(a)(1).

### III. PROPOSED INTERVENORS ARE MORE APPROPRIATELY SITUATED AS AMICUS CURIAE.

Should Proposed Intervenors wish to register their views on S.B. 751's constitutionality, they are better suited to do so as an *amicus curiae*. *Metro.*, 569 F.3d at 841; *see also South Carolina v. North Carolina*, 558 U.S. 256, 287-88 (2010) (Roberts, C.J. concurring in judgment in part) ("Intervenors . . . bring along more issues to decide, more discovery requests, . . . [and] make[] settling a case more difficult. . . . 'Where he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention.'" (citation omitted)). Although Proposed Intervenors have not made the requisite showing to intervene, AbbVie would not oppose their participation as *amicus curiae*.

### CONCLUSION

For the foregoing reasons, the Court should deny Proposed Intervenors' Motion to Intervene.

9

Dated:  September 17, 2025

Ashley C. Parrish (*pro hac vice* forthcoming)
John D. Shakow (*pro hac vice* forthcoming)
KING & SPALDING LLP
1700 Pennsylvania Avenue N.W.
Suite 900
Washington, D.C. 20006
Telephone: (202) 626-2627
Email: aparrish@kslaw.com

Nicole Bronnimann (*pro hac vice* forthcoming)
KING & SPALDING LLP
1100 Louisiana, Suite 4100
Houston, TX 77002
Telephone: (713) 276-7402
Email: nbronnimann@kslaw.com

Respectfully submitted,

*/s/ Matthew S. Owen*
Matthew S. Owen, P.C. (*pro hac vice*)
Meredith M. Pohl (*pro hac vice*)
Michael A. Pronin (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Email: matt.owen@kirkland.com
          meredith.pohl@kirkland.com
          michael.pronin@kirkland.com

AND

Robert T. Haar (MO #30044)
Lisa A. Pake (MO #39397)
HAAR & WOODS, LLP
1010 Market St., Suite 1620
St. Louis, MO 63101
Telephone: (314) 241-2224
Email: roberthaar@haar-woods.com
          lpake@haar-woods.com

*Counsel for Plaintiffs.*

10

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Plaintiffs' Memorandum In Opposition to Proposed Intervenors' Motion to Intervene was electronically filed with the Clerk of the Court via the Court's CM/ECF system, which sent notification of such filing to all counsel of record by electronic means.

                                                    */s/ Matthew S. Owen*
                                                    Matthew S. Owen