IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ABBVIE INC. (a Delaware corporation);<br>ALLERGAN, INC. (a Delaware corporation);<br>DURATA THERAPEUTICS, INC.<br>(a Delaware corporation);<br>ABBVIE PRODUCTS LLC<br>(a Georgia limited liability company);<br>APTALIS PHARMA US, INC.<br>(a Delaware corporation);<br>PHARMACYCLICS LLC<br>(a Delaware limited liability company);<br>ALLERGAN SALES, LLC<br>(a Delaware limited liability company),<br><br>    *Plaintiffs*,<br><br>    vs.<br><br>CATHERINE HANAWAY, in her official capacity<br>as ATTORNEY GENERAL OF THE STATE<br>OF MISSOURI,<br><br>*and*<br><br>JAMES L. GRAY, in his official capacity as<br>PRESIDENT OF THE MISSOURI<br>BOARD OF PHARMACY, CHRISTIAN S.<br>TADRUS, in his official capacity, as<br>VICE PRESIDENT OF THE MISSOURI<br>BOARD OF PHARMACY, and DOUGLAS<br>R. LANG, COLBY GROVE, ANITA K.<br>PARRAN, TAMMY THOMPSON, and<br>DARREN HARRIS, in their official<br>capacities as MEMBERS OF THE<br>MISSOURI BOARD OF PHARMACY,<br><br>    *Defendants*. | Civil Action No. 4:24-cv-00996-SRC |

**REPLY SUGGESTIONS IN
SUPPORT OF MISSOURI HOSPITAL ASSOCIATION AND MISSOURI PRIMARY
CARE ASSOCIATION'S MOTION TO INTERVENE**

1

The Court "must construe a motion to intervene in favor of the prospective intervenor, accepting all material allegations as true." *Am. C.L. Union of Minnesota v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1092 (8th Cir. 2011). Rule 24(a) is construed liberally, and the Court should resolve all doubts in favor of intervention. *See United States v. Union Electric Co.*, 64 F.3d 1152, 1158 (8th Cir. 1995). Proposed Intervenors' interests are not subsumed within the Defendants' generalized interest in the State of Missouri's sovereignty or the public's general interest, given their members' unique roles as the beneficiaries of protections guaranteed by S.B. 751. For the same reasons, Proposed Intervenors have also met the minimal burden needed to establish that they have an interest that is the subject of this action that may be impeded by the disposition of this action. Proposed Intervenors have more than met their burden to show that they meet the requirements outlined in Rules 24(a) and 24(b).

## I. Proposed Intervenors' Interests Are Not Adequately Represented by the Defendants.

Proposed Intervenors meet their "minimal" burden of showing that their interests are not adequately represented by the government. *See Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 1001 (8th Cir. 1993). The majority of Plaintiffs' brief is dedicated to arguing that Proposed Intervenors' interests are, in Plaintiffs' words, adequately represented by the Defendants. (Dkt. No. 115 at 6-10). Plaintiffs' arguments miss the mark.

Plaintiffs misapply the Eighth Circuit's framework regarding adequate representation of a proposed intervenor's interest when the government is a party. It is true that "[w]here a proposed intervenor's asserted interest is one that a governmental entity who is a party to the case is charged with protecting," the Eighth Circuit presumes the government's representation of that interest is adequate. *Entergy Arkansas, LLC v. Thomas*, 76 F.4th 1069, 1071 (8th Cir. 2023). But this presumption explicitly does not apply where, as here, the proposed intervenor's interests are

"narrower and more parochial" or by showing that it "stands to gain or lose from the litigation in a way different from the public at large." *Id.* (quoting *Mille Lacs*, 989 F.2d at 1001).

Plaintiffs assert that Proposed Intervenors' interests are equivalent to the State of Missouri's interests, but saying so does not make it true. Proposed Intervenors' members are hospitals and community health centers that participate in the 340B program as "covered entities" and, as such, are the beneficiaries of S.B. 751's protections. As detailed at length in the Verified Motion to Intervene, they will be *directly* harmed if S.B. 751 is invalidated. Proposed Intervenors and their members have significant financial interest in the savings realized by covered entities' ability to use contract pharmacies to deliver 340B-priced drugs. (Dkt. No. 106 at 6-8). But they have other interests at stake, too, including interests in their current relationships with contract pharmacies, interests in their patients' access to affordable drugs, and interests in the continued provision of affordable health care services to their patients. These interests are more specific and are significantly narrower than the State's general interest in upholding a duly passed law and do not reflect the specific interests of the general public. *See e.g., Mille Lacs*, 989 F.2d at 1000 (discussing the state's obligation to represent the "general public interest") (quoting *Dimond v. D.C.*, 792 F.2d 179, 192 (D.C. Cir. 1986)).

Defendants are not charged with protecting Proposed Intervenors' interests in savings realized through the 340B program or their mission-based interests in providing affordable health care services and drugs to Missourians. They also stand to lose far less than the Proposed Intervenors if Plaintiffs are successful in this action. Given these differences, the only way to ensure the interests of Missouri safety net hospitals and clinics are adequately represented is to allow them to intervene.

Moreover, Proposed Intervenors' interests are distinguishable from the entities seeking

3

intervention in *Curry v. Regents of Univ. of Minn.*, 167 F.3d 420 (8th Cir. 1999), such that the reasoning in *Curry* should not extend to this case. First, the proposed intervenors' interests in *Curry* were framed by the narrow relief sought by the plaintiffs. Generally, their interest was in upholding the University of Minnesota's policy for the collection of mandatory fees used to support activities of campus organizations, such as their own, that the plaintiffs had challenged. *Id.* at 422. The plaintiffs did not challenge the entire funding structure for student organizations, so the movants' interest in the receipt of funding was not threatened by the action. For this reason, the Eighth Circuit held that the university would adequately represent the proposed intervenors' interests in upholding the university fee collection policy. *Id.* Second, the plaintiffs in *Curry* were not challenging a law—they challenged a policy that the university itself created to govern its own actions related to the collection of student fees. It makes sense that the university would be able to adequately protect the movants' interests in the fee collection policy when the university was defending the policy it wrote for its own benefit.

Here, the relief Plaintiffs are seeking—invalidating and enjoining the enforcement of S.B. 751—is much broader than what was sought in *Curry*. (Dkt. No. 101 at 53). If Plaintiffs are successful, the result will not just affect the relationships between Proposed Intervenors' members and contract pharmacies or how Proposed Intervenors participate in the 340B program. Rather, it would deprive the members of the financial resources that they receive when their 340B drugs are shipped to contract pharmacies, resources they need to sustain their operations and to meet the health care requirements of their patients. And, unlike the policy challenged in *Curry*, S.B. 751 was enacted by the State of Missouri not to govern its own actions or for its own benefit, but to provide protections to Missouri covered entities, including Proposed Interventors' members. *Curry* is inapposite.

Because Proposed Intervenors have shown that their interests are not subsumed within the public (and sovereign) interests represented by the Defendants, the presumption of *parens patriae* does not apply. Thus, Proposed Intervenors have only to meet a minimal burden of showing that their interests are not adequately represented by the existing parties. They have done so. For purposes of whether the existing parties adequately represent Proposed Intervenors' interest, it is significant that the Defendants have not attempted to enforce S.B. 751 or create regulations implementing the same. *See Mausolf v. Babbitt*, 85 F.3d 1925, 1303-04 (8th Cir. 1996) (the government did not adequately represent intervenor, in part, because the Government had waived regulations against the restricted actions at issue). Though Plaintiffs characterize S.B. 751 as a law that has only recently been enacted, S.B. 751 has been law for more than one year and can *only* be enforced if Defendants choose to do so. If Defendants are reluctant to implement regulations and enforce S.B. 751 because of the pharmaceutical industry's challenges to the law, as Plaintiffs seem to imply, this only strengthens Proposed Intervenors' position that the Defendants' interests are different than movants' and that Defendants will not adequately represent Proposed Intervenors' interests.

Indeed, Defendants, as officials employed by the State of Missouri, have a disincentive to enforce S.B. 751 due to the potential impact of the law on the Missouri Medicaid program. Federal law allows state Medicaid agencies to collect rebates from manufacturers on covered outpatient drugs, but only if those drugs have not been purchased through the 340B program. *See* 42 U.S.C. § 1396r–8. Enforcement of S.B. 751 would allow Missouri covered entities to ship drugs to their contract pharmacies, including Medicaid drugs, which, in turn, could reduce the rebates the State may collect on such drugs. The State could benefit financially if S.B. 751 were not enforced.

Finally, while Plaintiffs note that Defendants and Proposed Intervenors raised similar

HB: 4927-8081-5723.3

arguments regarding the substance of Plaintiffs' action (Dkt. No. 115 at 9, fn. 2), the Eighth Circuit has held that such "tactical similarity" between the legal position of the moving party and an existing party "does not assure adequate representation." *Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 60 F.3d 1304, 1308 (8th Cir. 1995). Instead, to determine adequacy of representation, a court should "compare the interests of [the moving party] with the interests of the current defendants." *Id.* And when those interests are different, as here, "even though directed at a common goal," such as the defense of a state law, intervention is appropriate. *Id.* at 1308-09.

## II. Proposed Intervenors Have a Substantial Interest That Will be Impaired Absent Intervention.

Meeting the "interest" requirement under Rule 24(a) is far from the insurmountable hurdle Plaintiffs portray it to be. Rather than a tool used to exclude potential intervenors, the interest prong is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1162 (8th Cir. 1995). *See also Animal Prot. Inst. v. Merriam*, 242 F.R.D. 524, 527 (D. Minn. 2006) ("The interest test should be construed broadly, so as to include as many parties as practicable and ... the interest may be contingent on the outcome of litigation."). A movant need not establish that its interests will actually be impaired, and need only establish that its ability to protect its interests will be impaired if it is denied permission to intervene. *See id.* (citing *Jenkins by Jenkins v. State of Missouri*, 78 F.3d 1270, 1275 (8th Cir.1996)).

Plaintiffs' argument regarding the final two elements for intervention—whether Proposed Intervenors have an interest in the action and whether that interest will be impaired by its disposition—wrongly conflates an interest that is legally *protectable* with an interest that is legally *enforceable*. (Dkt. No. 115 at 11) ("Proposed Intervenors have no right to enforce either S.B. 751 or the federal 340B statute, meaning they have no right or interest in the subject matter of this

6

litigation."). But nowhere in Rule 24(a), or case law construing the same, is there a requirement that, to intervene, a party must be able to independently initiate its own action. To the contrary, the United States Supreme Court has permitted a union member to intervene by right in an action *despite* federal law prohibiting that member from initiating his own action. *See Trbovich v. United Mine Workers of America*, 404 U.S. 528, 537 (1972). The same should be true here. Plaintiffs' reliance on Proposed Intervenors', or their members', inability to enforce S.B. 751 or the 340B statute, is simply unsupported by controlling law.

Plaintiffs' discussion of private rights of action and the 340B administrative dispute resolution ("ADR") procedures are irrelevant here. (Dkt. No. 115 at 1, 7-8.) Proposed Interventors are not suing Plaintiffs, so Proposed Intervenors' alleged lack of a private right of action under federal and state law is immaterial. Proposed Interventors seek to intervene as *defendants*—thus, in effect, Plaintiffs would be suing Proposed Intervenors. The availability of ADR also has no bearing because ADR governs *federal* requirements, while Proposed Intervenors seek to defend their members' rights under *state* law. An ADR proceeding would concern a specific covered entity's allegations against a specific drug company, while this case concerns a state law establishing distribution requirements within Missouri applicable to all drug companies. In addition, *Astra USA, Inc. v. Santa Clara Cnty.*, 563 U.S. 110, 116 (2011) did not address a state law such as S.B. 751, which regulates the distribution of 340B drugs *outside* the 340B Program. *Astra* addressed private rights of action exclusively under the 340B Program.

Plaintiffs' argument that Proposed Intervenors may protect their interest through the *federal* ADR process also misunderstands Proposed Intervenors' motivation for intervening in this action, which is to defend the protections that Proposed Intervenors are provided under S.B. 751. Of course, Plaintiffs seek to invalidate S.B. 751, and other than this lawsuit, neither Proposed

7

Intervenors nor their members have any other avenue available to express their concerns or protect the interests that S.B. 751 protects *except* through intervention in this action. (Dkt. No. 115 at 12).

Finally, multiple courts have recognized the diverging interests between covered entities and state government representatives in several cases substantially similar to this one. *See* Order, *PhRMA v. McClain*, 4:21-cv-00864 (E.D. Ark. May 3, 2022), ECF No. 22; Order *AstraZeneca v. McClain*, 4:24-cv-00268 (E.D. Ark. Aug. 13, 2024), ECF No. 50; Order, *PhRMA v. Murrill*, 6:23-cv-00997 (W.D. La. Nov. 8, 2023), ECF No. 26; Order, *AstraZeneca v. Murrill*, 6:23-cv-1042 (W.D. La. Nov. 9, 2023), ECF No. 29; Order, *AbbVie v. Murrill*, 6:23-CV-01307 (W.D. La. Mar. 7, 2024), ECF No. 58.

### III.     Proposed Intervenors Also Meet the Standard for Permissive Intervention.

Proposed Intervenors also meet the standard for permissive intervention because they have a defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b). Namely, the Proposed Intervenors will defend the constitutionality of S.B. 751, and their defenses share many common questions of law and fact with Defendants, though the arguments and tactics the Proposed Intervenors take if granted intervention could differ from those of the Defendants. Because the Motion to Intervene was timely filed and because Proposed Intervenors' participation in this action will not cause undue delay or prejudice to the parties, as set forth above, the Court should alternatively grant the Motion to Intervene pursuant to Rule 24(b).

### CONCLUSION

For the reasons set forth herein and in Proposed Intervenors' brief in support of their motion to intervene, Proposed Intervenors respectfully request that this Court grant them leave to intervene in this action as a matter of right, or, in the alternative, permit them to intervene, file their Motion to Dismiss and Suggestions in Support of the Motion to Dismiss, and grant any further relief the

8

Court deems just and proper. Additionally, to the extent the Court is inclined to grant the Defendants' Motion to Dismiss, Proposed Intervenors respectfully request that the Court make a determination on its request for intervention first so that they may participate in any appeal that may be filed.

Dated September 29, 2025.  Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ *James F. Monafo*
James F. Monafo, #38774
Tanner M. Cook, #71846
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Phone: (314) 480-1500
Fax: (314) 480-1551
Jim.Monafo@huschblackwell.com
Tanner.Cook@huschblackwell.com

Alexa B. Barton, #71779
14606 Branch St., Ste. 200
Omaha, Nebraska
Telephone: (402) 964-5000
Fax: (402) 964-5050
allee.barton@huschblackwell.com
ATTORNEYS FOR PROPOSED INTERVENORS
MISSOURI HOSPITAL ASSOCIATION AND
MISSOURI PRIMARY CARE ASSOCIATION

POWERS PYLES SUTTER & VERVILLE, PC

By: */s/ Ronald S. Connelly*
RONALD S. CONNELLY*
1250 Connecticut Ave., NW, Eighth Floor
Washington, DC 20036
Phone:  202-872-6762
Fax:     202-466-6550
Ron.Connelly@PowersLaw.com
ATTORNEY FOR PROPOSED INTERVENORS
MISSOURI HOSPITAL ASSOCIATION AND
MISSOURI PRIMARY CARE ASSOCIATION
**Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send a notice of electronic fling to all persons registered for ECF as of this date.

/s/  *James F. Monafo*

HB: 4927-8081-5723.3